IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHERON S. PHIPPS,**　　　　　　　　　　**CASE NO. 2:11-cr-80(1)**
　　　　　　　　　　　　　　　　　　　　　**CIVIL NO. 2:14-cv-227**

　　　　**Petitioner,**

　　　　　　　　　　　　　　　　　　　　　**JUDGE PETER C. ECONOMUS**
**v.**　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE KEMP**

**UNITED STATES OF AMERICA,**

　　　　**Respondent.**

## REPORT AND RECOMMENDATION

On February 6, 2012, the Court entered a judgment of conviction against Petitioner Sheron S. Phipps, following his plea of guilty to one count of possessing cocaine with the intent to distribute it, and sentenced him to 100 months of imprisonment to be followed by three years of supervised release. Petitioner appealed, raising one issue: whether this Court erred in attributing three kilograms of cocaine to him as relevant conduct. On April 26, 2013, the Court of Appeals issued an opinion finding no error and affirming the sentence. *United States v. Phipps,* 524 Fed.Appx. 209 (6th Cir. April 26, 2013). The United States Supreme Court denied Petitioner's motion for a writ of *certiorari* on October 7, 2013. *Phipps v. United States*, 134 S.Ct. 286 (2013).

On March 3, 2014, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. That petition is now before the Court for an initial review, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. That Rule provides that "[i]f it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...." For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that Petitioner is not entitled to relief.

## I. Petitioner's Claim for Relief

Petitioner's motion (Doc. 53) sets forth a single ground for relief. He has phrased it this way:

> **Ground One:** The sentencing court's determination of drug amount violate (sic) the petitioner's Sixth Amendment right to a jury trial.

*Motion to Vacate,* at 4. In support of this claim, Petitioner sets forth these facts:

> Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element that must be sumitted (sic) to the jury, the sentencing court's determination that the petitioner was responsible for three kilograms, violate the petitioner's Sixth Amendment right to a jury trial.

*Id*. He acknowledges that he did not raise this particular claim on appeal, but asserts that the authority upon which he relies had not been decided when his appeal was pending.

The memorandum of law which is attached to Petitioner's motion identifies this new authority as *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a case decided on June 17, 2013, which was after the Court of Appeals rendered its decision in this case (but while Petitioner's request for a writ of *certiorari* was under review). According to Petitioner, *Alleyne* stands for the proposition that this Court's finding that he possessed 3 kilograms of cocaine transformed the offense charged into a different crime - possession with intent

to distribute 500 grams or more of cocaine - and increased the mandatory minimum sentence from zero to five years, thus triggering the Sixth Amendments' requirement that the jury make this factual finding. For the following reasons, the Court concludes both that this claim was waived when Petitioner did not present it as part of his direct appeal and that the claim has no merit.

## II. Procedural Default

Not every error which allegedly occurs during the course of a criminal trial and sentencing can be raised in a motion filed under 28 U.S.C. §2255. As the Supreme Court stated in *Sanders v. United States*, 373 U.S. 1, 25 (1963), "the Court has consistently held that neither habeas corpus nor its present federal counterpart §2255 is a substitute for an appeal." *See also United States v. Frady*, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"). Thus, if a claim has not been raised on appeal, it ordinarily cannot be asserted in a §2255 motion. Rather, in order for the claim properly to be brought in such a motion, it must either be the kind of claim which is not ordinarily based on the trial court record alone (such a claim of ineffective assistance of counsel, *see Massaro v. United States*, 538 U.S. 500 (2003)), or the petitioner must demonstrate both cause for having failed to raise it on direct appeal and prejudice from the failure to raise it there. *Frady*, 456 U.S. at 167-68 (1982). As the Supreme Court held in *Bousley v. United States*, 523 U.S. 614, 622 (1998), if a claim "can be fully and completely addressed on direct review based on the record ... the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ...

or that he is 'actually innocent.'" (internal citations omitted).

In some circumstances, an intervening change in the law may constitute cause for not having raised an issue on direct appeal. *See, e.g., Jenkins v. United States*, 103 F.3d 129 (6th Cir. Nov. 22, 1996)(unreported). Even if cause is established, however, as *Jenkins* observed, in order to overcome the procedural bar, a petitioner "must establish that actual prejudice exists...." *Id.* at *1. No such prejudice can be found if the claimed change in the law would not alter the result of the case - that is, if the claim in the motion to vacate is without merit even taking into account the new authority upon which it is based. *See Thomas v. United States*, 85 F.3d 629 (6th Cir. May 16, 1996)(unreported). *Alleyne* does not, as explained below, really represent a change in the law - it simply applies principles announced more than a dozen years ago to a case involving possession or use of a firearm in connection with a crime of violence. However, because it is so clear that *Alleyne* does not apply to Petitioner's situation, he cannot show prejudice from the failure to have raised this issue on appeal. Simply put, whether *Alleyne* was decided before or after Petitioner's conviction became final makes no difference in the outcome of this case.

*Alleyne* addressed an issue concerning the mandatory minimum sentences available for the crime of carrying or brandishing a firearm as prescribed by 18 U.S.C. §924(c). Using or carrying a firearm in relation to a crime of violence carries a five-year mandatory minimum sentence; brandishing a firearm carries a seven-year mandatory minimum. The defendant in *Alleyne* was convicted by a jury of violating §924(c) but the jury did not decide, because it was not asked to, whether he brandished the firearm or merely used or

4

carried it. The district court determined at sentencing that brandishing was involved and applied the longer mandatory sentence. The Supreme Court reversed, holding, on authority of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any fact which increases a mandatory minimum sentence is an element of the offense and must be tried to a jury.

Here, by contrast, Petitioner pleaded guilty to and was sentenced for a crime which, as charged, did not carry any mandatory minimum sentence. The indictment did not specify an amount of cocaine which he allegedly possessed, and when that is the case, the permissible sentencing range is from zero to twenty years. *See* 21 U.S.C. §841(b)(1)(C) ("any person who violates subsection (a) of this section [21 U.S.C. §841] shall be sentenced as follows: ... (C) In the case of a controlled substance in schedule I ... such person shall be sentenced to a term of imprisonment of not more than 20 years ..."). This Court well understood that there was no mandatory minimum; that is reflected in the plea agreement, (Doc. 16) and in the Government's Plea Agreement Submission of Elements and Penalties (Doc. 17). In such cases, the Court's sentence is guided (but not mandated) by the sentencing guideline calculation which, in turn, is influenced strongly by the amount of cocaine which can be attributed to the defendant. When the Court makes a factual determination as to drug quantities as part of the guideline calculation, and not in order to subject a defendant to an increase in the mandatory minimum sentence, it may do so both without the benefit of a jury and based on a preponderance of the evidence. That was the law before *Alleyne, see, e.g., United States v. Hunt*, 487 F.3d 347, 350 (6th Cir. 2007), and it is still the law today.

As the court in *United States v. Dillard*, 2013 WL 5966284, *8 (E.D. Mich. Nov. 8, 2013) expressed so well,

> *Alleyne* is not implicated at all because defendant was not subject to a mandatory minimum term of imprisonment. As noted above, defendant was subject to a statutory maximum of 20 years' imprisonment and to no mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(C). And because the Guidelines were properly treated as advisory by the Court, she was subject to no Guidelines-mandated minimum term of imprisonment. Thus, *Alleyne* is simply not implicated by defendant's sentence.

That is exactly this case - the Court understood there was no mandatory minimum and treated the guidelines as advisory, so the Sixth Amendment never came into play.

Had Petitioner been found guilty by a jury of the drug crime charged in the indictment (which carried no mandatory minimum sentence) and had the Court then determined, based on its own factfinding, that he actually committed a different crime carrying a mandatory minimum sentence of five or ten years, *Alleyne* would apply. *See, e.g., United States v. Harakaly*, 734 F.3d 88 (1st Cir. 2013). But that is not what happened. As the Supreme Court acknowledged in *Alleyne* itself, the rule it announced in that case applies only "where a finding of fact both alters the legally prescribed range and does so in a way that aggravates the penalty" and that it does not apply to "factfinding used to guide judicial discretion in selecting a punishment 'within limits fixed by law.'" *Alleyne*, 133 S.Ct. 2151, 2161 n.2, *quoting Williams v. New York*, 337 U.S. 241, 246 (1949). So "[w]hile such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment does not govern that

element of sentencing." *Id*. For all of these reasons, even if Petitioner's ground for relief had not been procedurally defaulted by his failure to raise it on appeal, there is no legal support for his claim that the Sixth Amendment was violated by the Court's factfinding in the context of the sentencing guideline calculation. His motion to vacate is therefore without merit, and plainly so.

### III. Recommended Decision

For the reasons stated above, it is recommended that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 be denied under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the

Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   /s/ Terence P. Kemp
                                                   United States Magistrate Judge